UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL DOVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1259 CAS |
| | ) | |
| DR. VERRA REDDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

### The Complaint

Plaintiff is civilly committed in the St. Louis Psychiatric Rehabilitation Center. During the time period relevant to the complaint, he was confined in the Southeast Missouri Mental

Health Center, which is a state institution. Plaintiff alleges that Dr. Reddy was his treating psychiatrist, and Dr. Englehart was the acting Medical Director of the institution.

Plaintiff alleges that in February 2013 Dr. Reddy ordered that he be chemically restrained. Plaintiff says this "was outside of the due process and administered every two weeks by Jamie Rodgers Stautler." Complaint at 5. Plaintiff claims he was forcibly medicated for six months.

Plaintiff alleges that he appealed the issue of chemical restraint to Dr. Englehart for "a second opinion evaluation" but that Englehart "with the treating physician force medicated" plaintiff for six months. Complaint at 6.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff has thirty days from the date of this Order to do so. **Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re*

*Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint by **October 5, 2015**. If plaintiff fails to comply with this Order, the Court will summarily dismiss this case without prejudice and without further notice to plaintiff.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   3rd   day of September, 2015.