# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL DOVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1259 CAS |
| | ) | |
| DR. VERRA REDDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

In his amended complaint, plaintiff sues defendants in their individual capacities under 42 U.S.C. § 1983 for alleged violations of the Due Process Clause.[1] The Court finds that the complaint states a non-frivolous claim for relief, and the Court will issue process.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

---

[1] In response to the Court's Memorandum and Order of September 3, 2015, which directed plaintiff to file an amended complaint, plaintiff submitted two amended complaints. Each complaint names a separate defendant, Verra Reddy and Jay Engelhart, but the complaints contain identical allegations. The Court liberally construes the two complaints as a single complaint that asserts claims against defendants Reddy and Engelhart in their individual capacities.

## The Complaint

Plaintiff is civilly committed in the St. Louis Psychiatric Rehabilitation Center. During the time period relevant to the complaint, he was confined in the Southeast Missouri Mental Health Center, which is a state institution. Dr. Reddy was his treating psychiatrist, and Dr. Englehart was the Director of the institution.

Plaintiff alleges that in February 2013 Dr. Reddy began ordering chemical restraints in lieu of trying to rehabilitate plaintiff. Plaintiff further alleges that he appealed the chemical restraints to Dr. Engelhart for a "second opinion evaluation" but that Engelhart "with the treating physician force medicated" plaintiff. Plaintiff claims he was unlawfully chemically restrained for six months.

## Discussion

The complaint states a non-frivolous claim for relief under the Due Process Clause. *See Morgan v. Rabun*, 128 F.3d 694, 697 (8th Cir. 1997) (finding of dangerousness required). As a result, the Court orders defendants to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to issue process on the complaint in compliance with the Court's agreement with the State of Missouri.

**IT IS FURTHER ORDERED** that plaintiff's second motion to proceed in forma pauperis is **DENIED as moot**, as plaintiff was granted leave to proceed in forma pauperis in the Memorandum and Order of September 3, 2015. [Doc. 6]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of September, 2015.